IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No.: 1:11-111-JFA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GARY DON ERWIN | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court pursuant to the defendant's renewed motion for a judgment of acquittal (ECF No. 133). For the reasons discussed below, the motion is denied.

Following a jury trial, the jury returned a verdict of guilty against the defendant on both counts in a two count indictment. The charges in the indictment stemmed from the defendant's involvement in a scheme to obtain false per diem benefits for co-defendant George Alan Dick. Defendants were employed with the Department of Energy (DOE) through Astrid Contract Technical Services (ACTS). In order to obtain per diem benefits from the United States Department of Energy (DOE), co-defendant George Alan Dick had to provide certifications of per diem eligibility to ACTS on the basis that he incurred dual living expenses as a direct result of employment. The defendant assisted co-defendant Dick by preparing a fraudulent lease to authentic fraudulent living expenses.

ACTS performed the human resource functions for the DOE and was responsible for collecting the Per Diem Eligibility Statements. As a result of the investigation leading to the charges filed in this case, the government, through Special Agent Anthony Ginn, discovered that three per diem statements were missing from ACTS's files. ACTS

subsequently requested that George Dick return to ACTS and complete the forms. George Dick complied and back-dated the forms upon completion. The forms were included in Agent Ginn's report, used in connection with the indictment, and admitted into evidence at trial.

The defendant now moves for a judgment of acquittal on the ground that the three forms constitute newly created or manufactured evidence and that the government's use of the evidence during the investigation and subsequent trial constitutes "outrageous government conduct" depriving the defendant of his right to due process. The Fifth Amendment protects criminal defendants from deprivation of life, liberty or property without due process of law, and outrageous government conduct may violate this due process guarantee. *See United States v. Russell*, 411 U.S. 423, 431–35 (1973). "In order to constitute a due process violation, the government's conduct must be so outrageous as to shock the conscience of the court." *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991).

First, the defendant's argument is misplaced because the conduct at issue was not government conduct. As noted by the government, the conduct at issue in this case was undertaken by ACTS, and not by a government actor. Agent Ginn testified that he did not instruct ACTS to create the documents. Upon learning of the missing documents from Agent Ginn, ACTS employees contacted George Dick to have him come in and complete the missing certifications. Accordingly, the conduct at issue is attributable to George Dick and ACTS, not to the government.

Moreover, whether attributed to the government or not, the court finds that the conduct at issue in this case fails to meet the "high shock threshold" necessary to establish outrageous government conduct. *Osborne*, 935 F.2d at 36. The underlying information contained in the documents—the fraudulent lease—that forms the basis of the certification is not at question. Thus, only the act of back-dating is at issue here. It appears that action was likely performed so that ACTS would have the proper documents in place to maintain compliance. The court finds that this conduct does not rise to the level necessary to shock the conscience.

Additionally, absent the three documents at issue, the record contained evidence sufficient to sustain a guilty verdict. Thus, even assuming that the documents were fabricated, the defendant would fail to establish a violation. *See Martin v. Connor*, 2012 WL 760529, at *19 (D. Md. Mar. 2, 2012) ("To establish a violation of the right not to be deprived of liberty based on false evidence, the plaintiff must show that (1) the defendants fabricated evidence, and (2) the fabrication 'resulted in a deprivation of [the defendants] liberty.'"(quoting *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005)). Finally, the court notes that the evidence and arguments discussed above were presented to the jury. The jury was allowed to pass upon the appropriateness of the conduct and evidence before returning a verdict against the defendant.

The defendant also moves for a judgment of acquittal on the grounds that the evidence was not sufficient to sustain a jury verdict on either of the two counts. The

court determines that the evidence was sufficient to sustain a verdict, and therefore denies the motion on this ground as well.

Accordingly, for the reasons discussed above, the court denies the motion for acquittal.

IT IS SO ORDERED.

August 21, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge